J-A22032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FRANKLIN TOWNE CHARTER HIGH SCHOOL AND FRANKLIN TOWNE CHARTER ELEMENTARY SCHOOL | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| ARSENAL ASSOCIATES, L.P., ARSENAL CONDOMINIUM ASSOCIATION AND MARK HANKIN | : : : : | No. 2306 EDA 2017 |
| Appellants | : | |

Appeal from the Order Entered July 5, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  April Term, 2017 No. 01474

BEFORE:   BENDER, P.J.E., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED MARCH 11, 2019**

Appellants Arsenal Associates, L.P., Arsenal Condominium Association, and Mark Hankin appeal from the order denying in part their motion to compel arbitration and staying arbitration of the arbitrable claims in this matter.[1] Appellants assert that all claims raised by Appellees Franklin Towne Charter High School and Franklin Towne Charter Elementary School are subject to a binding arbitration clause.  We affirm.

The relevant factual background to this matter includes the following:

---

[*] Former Justice specially assigned to the Superior Court.

[1] The order denying an application to compel arbitration is an immediately appealable order.  **See** 42 Pa.C.S. § 7320(a).

Franklin Towne Charter High School (the "High School") owns four condominium units at, and 24.5710% of the ownership interest in, The Arsenal Condominium (the "Condominium"), which is controlled by [Appellant] Arsenal Condominium Association (the "Condo Association"). [Appellant] Arsenal Associates, L.P. (the "Limited Partnership") was the developer of the Condominium and the declarant under the Uniform Condominium Act[, 68 Pa.C.S. §§ 3101-3414].

The Limited Partnership still owns the majority of the units at the Condominium and thereby controls the Condo Association. [Appellant] Mark Hankin is President of the General Partner[2] of the Limited Partnership, so he controls the Limited Partnership[,] which controls the Condo Association.

In this action, the High School asserts claims against [Appellants] for injunctive relief, for breach of the Real Estate Purchase Agreement (RESPA) for Unit 215[, which the High School purchased from the Limited Partnership], and for breach of fiduciary duty for allegedly failing to provide that Unit with the promised 600 amps of power . . . , so that the Unit can be used for its intended purpose as a gymnasium for the High School and as additional classroom space for the Elementary School.[3]

The High School also asserts claims for injunctive relief and breach of fiduciary duty against [Appellants] for allegedly refusing to execute a proposed Amendment to the Declaration of Condominium regarding the High School's responsibility to maintain the storm water management system, so that the

---

[2] Arsenal Inc., is the General Partner of the Limited Partnership.

[3] Appellees also assert claims of breach of the covenant of good faith and fair dealing, attorney's fees and costs, and punitive damages. In the complaint, Appellees have asserted the claims of breach of contract and for attorney's fees related to the alleged breach of contract against the Limited Partnership only. In all other claims, Appellees have asserted the claims against all Appellants.

Schools may obtain a Certificate of Occupancy . . . from the City [of Philadelphia] and utilize the space . . . .[4]

The High School further asserts a claim for breach of fiduciary duty, because Mr. Hankin allegedly insists that the High School employ, and pay outsized fees to, companies owned by Mr. Hankin to perform necessary work on the Units.

Finally, the High School asserts a claim for breach of fiduciary duty based on [Appellants'] alleged failure . . . to remove snow and to salt the sidewalks around the units as required under the Declaration of Condominium.

[Appellants] filed a Motion to Compel Arbitration because the Declaration of Condominium contains [an arbitration] provision.

Trial Ct. Op., 1/17/18, at 2-3.

On July 5, 2017, the trial court issued an order holding that any claims arising under the RESPA were not subject to arbitration. On this basis, the court stayed arbitration until the breach of contract claims under the RESPA could be adjudicated.

Appellants filed a timely notice of appeal. The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) statement, and they did not file one. The trial court complied with Pa.R.A.P. 1925(a).

On appeal, Appellants raise the following issues for our review:

[1.] Whether [Appellees'] claims against [the Condo Association] are subject to mandatory arbitration pursuant to an arbitration provision in the Arsenal Condominium Declaration (the "Declaration") providing that "any and all controversies, claims or disputes of any kind or nature whatsoever arising out of or relating

_____

[4] After the complaint was filed, Appellees filed two petitions for injunctive relief, including one related to the amendment regarding storm water management and one related to providing necessary electrical service. In both instances, injunctive relief became unnecessary because the issues were resolved.

in any way to the Condominium, including controversies, disputes or claims involving performance under this Declaration or breach thereof" must be arbitrated[.]

[2.] Whether, in addition to the Association, [Appellants] Arsenal Associates, L.P. (the "Limited Partnership") and Mark Hankin may enforce the arbitration provision[.]

Appellants' Brief at 3-4.

Appellants' issues are closely related and we address them together. Appellants assert that the Declaration binds Appellees to arbitrate their claims because it is a valid agreement between the parties that specifies that all claims "relating in any way to the Condominium" must be arbitrated. *Id.* at 15. Appellants argue that all of Appellees' claims are within the scope of the arbitration provision in the Declaration. *Id.* at 17-18. Further, Appellants assert that each of them may enforce the provision in the Declaration. *Id.* at 25.

In support of their argument that each Appellant may enforce the arbitration clause in the Declaration, Appellants contend that "non-signatories to an arbitration agreement can enforce the agreement when there is an 'obvious and close nexus' between the non-signatories . . . and the contracting parties." *Id.* at 20 (citing *Provenzano v. Ohio Valley Gen. Hosp.*, 121 A.3d 1085, 1096 (Pa. Super. 2015); *Dodds v. Pulte Home Corp.*, 909 A.2d 348 (Pa. Super. 2006); *Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266 (Pa. Super. 2004)). Appellants assert that "it would be a patent waste of resources—the parties' and the court's—to litigate what are identical claims arising from the same factual nucleus in two different fora." *Id.* at 25.

Our review of a trial court's denial of a motion to compel arbitration is

for an abuse of discretion and to determine whether the trial court's findings are supported by substantial evidence. In doing so, we employ a two-part test to determine whether the trial court should have compelled arbitration. The first determination is whether a valid agreement to arbitrate exists. The second determination is whether the dispute is within the scope of the agreement.

Whether a claim is within the scope of an arbitration provision is a matter of contract, and as with all questions of law, our review of the trial court's conclusion is plenary. "The scope of arbitration is determined by the intention of the parties as ascertained in accordance with the rules governing contracts generally." "These are questions of law and our review is plenary."

Arbitration is a matter of contract, and parties to a contract cannot be compelled to arbitrate a given issue absent an agreement between them to arbitrate that issue. Even though it is now the policy of the law to favor settlement of disputes by arbitration and to promote the swift and orderly disposition of claims, arbitration agreements are to be strictly construed and such agreements should not be extended by implication.

In general, only parties to an arbitration agreement are subject to arbitration. However, a nonparty, such as a third-party beneficiary, may fall within the scope of an arbitration agreement if that is the parties' intent.

*Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa. Super. 2012) (citations omitted).

In **Smay**, an employee of a construction company sued an architect, the school district that had retained the construction company to build a gymnasium, and other parties. **Smay**, 864 A.2d at 1269. The architect and school district sought indemnity from the construction company based upon the contract it had with the school district. **Id.** Even though the architect was not a party to the contract, this Court held that the claims of the architect and school district were indistinguishable and based on the same legal principles.

*Id.* at 1272. Accordingly, to uphold principles of judicial efficiency and eliminate duplicative litigation, the architect was required to arbitrate its claims. *Id.*

In *Dodds*, a couple sued a homebuilder and its parent company. *Dodds*, 909 A.2d at 349. The builder was permitted to compel arbitration even though the parent company had not signed the contract between the builder and the plaintiffs. *Id.* at 352. This was because the interests of the builder and its parent company were the same, and an arbitration agreement "would be of little value if a party could obviate the effect of the agreement merely by finding a way to join another party." *Id.*

Similarly, in *Provenzano*, suit was filed based upon an employment contract, and the question was whether board members of the defendant hospital could compel arbitration even though they had not signed the employment agreement. *Provenzano*, 121 A.3d at 1093. This Court determined that based on the "obvious and close nexus" between the hospital and its board members, who were similar to agents of the hospital, the board could enforce the arbitration clause in the employment agreement. *Id.* at 1103.

More recently, our Supreme Court has held that "where a plaintiff has multiple disputes with separate defendants arising from the same incident, and only one of those claims is subject to an arbitration agreement, the Court requires, as a matter of law, adjudication in separate forums." *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490, 507 (Pa. 2016).

Here, the Condo Association and its members are bound by the Declaration's provisions, which include an arbitration agreement. Appellee High School is a member of the Condo Association and must arbitrate disputes arising under the Declaration. However, the Condo Association is not a party to the RESPA, whose parties include only the Limited Partnership and Appellee High School. Accordingly, the Condo Association cannot enforce the provisions of the RESPA against Appellees, as it is not a party to the RESPA. **See Elwyn**, 48 A.3d at 461.

Furthermore, the RESPA does not include an arbitration provision, nor does it adopt the terms of the Declaration's arbitration clause. At most, the RESPA mentions that the Declaration exists, but it does not incorporate any of its provisions as terms of the RESPA. Therefore, any of Appellees' contract claims in the complaint that are predicated solely on the RESPA and against the Limited Partnership are not subject to any arbitration provision. These claims cannot be compelled into arbitration since no contract requires them to be arbitrated. **See id.**

As to whether the Limited Partnership and Mr. Hankin can enforce the arbitration provision in the Declaration because of a "close nexus" with the Condo Association, we initially note that Appellants have named only the Limited Partnership in its claims under the RESPA. These claims do not implicate the Condo Association at all, since the Condo Association is not a party to the RESPA and is not being sued in the counts of the complaint devoted to breach of the RESPA.

Further, the cases Appellants cite in support of their position that a non-signatory can enforce the RESPA, including **Smay**, **Dodds**, and **Provenzano**, are distinguishable because, in each instance, only one contract was at issue. Here, two contracts are at play, each with a different scope. The RESPA includes a merger clause stating that the RESPA "embodies the entire agreement between [the Limited Partnership and High School] and shall not be modified, changed or altered in any respect, except in writing, executed in the same manner as this Agreement by the parties hereto." RESPA, ¶ 18. The Limited Partnership cannot use an arbitration clause from the Declaration, a separate contract, to defend itself against litigation of breach of contract claims under the RESPA.

Insofar as the claims in the complaint implicate a failure to perform under the RESPA, they are not arbitrable. However, to the extent they arise based upon the Declaration, they are arbitrable. **See Taylor**, 147 A.3d at 507 (permitting adjudication in separate forums for arbitrable and non-arbitrable claims).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/19